UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CENTURY SURETY COMPANY,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　**MEMORANDUM AND ORDER**
　　　　　　　　　　Plaintiff,　　　　　　　:　　**ADOPTING REPORT AND**
　　　　　　　　　　　　　　　　　　　　　:　　**RECOMMENDATION**
　　　　　-against-　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　17-CV-5392 (DLI) (RLM)
VAS AND SONS CORP., RAZ ESTATES LLC,　:
PROFESSIONAL GRADE CONSTRUCTION　　　:
GROUP, INC. and VASYL DOVBENYUK,　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendants.　　　　　　:
------------------------------------------------------------ x
**DORA L. IRIZARRY, Chief United States District Judge:**

　　　　Plaintiff Century Surety Company ("Century") brought this action for a declaratory judgment that it has no duty to indemnify or defend various claims arising out of an injury sustained by Vasyl Dovbenyuk ("Dovbenyuk") at the worksite of Century's insured, Vas and Sons Corp. ("Vas"). *See generally*, Complaint, Dkt. Entry No. 1. Century also seeks a declaratory judgment that it is entitled to recoup defense costs associated with an underlying state court action. *See generally, Id.* Century filed its complaint ("Complaint") on September 15, 2017 against defendants Vas, Raz Estates LLC, Professional Grade Construction Group, Inc., and Dovbenyuk (collectively, "Defendants"). *Id.* at 1. Having failed to answer or otherwise defend this case, Defendants defaulted, as noted by the Clerk of the Court on January 3, 2018. *See* Clerk's Entries of Default, Dkt. Entry Nos. 18, 19, 20, and 21. On January 31, 2017, Century moved for default judgment (the "Default Judgment Motion") under Federal Rule of Civil Procedure 55(b)(2). *See* Mot. for Default Judgment, Dkt. Entry No. 24. On February 1, 2018, the Court referred the Default Judgment Motion to the Honorable Roanne L. Mann, Chief United States Magistrate Judge, for a Report and Recommendation ("R&R").

On August 31, 2018, the magistrate judge issued an R & R[1] recommending that the Court enter a declaratory judgment against defendants that Century has no duty to indemnify or defend claims arising out of Dovbenyuk's bodily injury or claims arising out of Vas' alleged breach of contract for failure to procure insurance. *See* R&R at 20. The magistrate judge further recommended that the Court decline to enter a declaratory judgment that Century is entitled to recoup its costs associated with its defense of Vas in the underlying state court action at issue. *See Id.*

On September 7, 2018, Century filed a letter motion seeking to dismiss, without prejudice, Count IX of its Complaint ("Letter Motion"), which is Century's claim for a declaratory judgment that it is entitled to recoup its costs associated with its defense of Vas in the underlying state court action. *See* Letter Motion to Dismiss ("Letter Motion"), Dkt. Entry No. 30. In its motion, Century asserts, "it believes it has a meritorious objection to Part III of the [R&R]." *Id.* Nonetheless, Century requests that the Court dismiss Count IX of the Complaint "in the interest of judicial economy, and to avoid the costs of formally objecting and/or appeal." *Id.* Century asks the Court to "refrain from adopting any findings of fact or conclusions of law with respect to the dismissed count." *Id.* Century also requests that the Court adopt the remainder of the R&R in full. *Id.*

Despite its Letter Motion to dismiss Count IX, Century filed an objection to the R&R on September 17, 2018. *See generally,* Objection to R&R ("Objection"), Dkt. Entry No. 31. Century objected conditionally to the R&R because it would withdraw its objection, if the Court were to grant Century's Letter Motion to dismiss Count IX. *Id.* at 1. Century objects to the R&R only to the extent that the magistrate judge recommends dismissing Century's claim for a declaratory

---

[1] Familiarity with the R & R, as well as the procedural history and relevant facts of this case, is assumed.

judgment that Century is entitled to recoup its costs associated with its defense of Vas in the underlying state court action at issue. *See generally, Id.*

This Court will not countenance Century's cheeky and blatant attempt to sidestep the statutory framework surrounding the report and recommendation process, which, as discussed below, was designed to alleviate the burdens on the district court, simply because it does not like the outcome. Century's attempt to dismiss Count IX without prejudice is an unseemly attempt to gain several bites at the apple and leave open the option of raising the claim again in another forum. Such conduct hardly promotes the interests of judicial economy nor does it avoid costs as the attorneys went the extra step of moving to withdraw or dismiss Count IX and objected to the R&R anyway as to the recommendations concerning that count. This Court declines Century's invitation to refrain from adopting any findings of fact or conclusions of law with respect to the count Century seeks to dismiss on its own without prejudice. The Court will consider the Letter Motion and review the R&R and objections thereto instead.

For the reasons set forth below, Century's Letter Motion to dismiss Count IX of the Complaint is denied; Century's objection is overruled and the R&R is adopted in its entirety.

## DISCUSSION

### I. Voluntary Dismissal Under Rule 41(a)(1)

Century's Letter Motion does not specify which Federal Rule of Civil Procedure it invokes or proceeds under to seek dismissal. Under Rule 41(a)(1), a plaintiff "may voluntarily dismiss an action" without prejudice "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Here, Century seeks to voluntarily dismiss only Count IX of its Complaint. *See* Letter Motion. The Defendants in this action have not answered the Complaint and no motion for summary judgment has been filed. While Century may

dismiss the entire *action* unilaterally under Rule 41(a), that Rule does not authorize it to dismiss only one claim. *See Robbins v. City of New York*, 254 F. Supp.3d 434, 437 (E.D.N.Y. 2017) (citing *Harvey v. Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'")).

However, some decisions within the Second Circuit suggest that Rule 41(a) "permit[s] the withdrawal of individual claims." *Azkour v. Haouzi*, 2013 WL 3972462, at *3 (S.D.N.Y. Aug. 1, 2013) (collecting cases); *see also, Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985) (suggesting that the discussion of voluntary dismissal in *Harvey Aluminum, Inc. v. American Cyanamid Co.* is mere dicta); *Nix v. Officer of Commissioner of Baseball*, 2017 WL 2889503, at *3, n.2 (S.D.N.Y. July 6, 2017) ("[T]he Court finds that Plaintiffs' invocation of Rule 41(a) to dismiss only their CFAA claim—as opposed to their entire complaint—is permissible.").

Under the circumstances of this case, the Court finds that, even if Rule 41(a) does permit voluntary dismissal of only one claim, as opposed to an entire action, Century's Letter Motion should be evaluated pursuant to Rule 41(a)(2), which allows a plaintiff to secure voluntary dismissal of a lawsuit "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Indeed, Century appears to anticipate that its voluntary dismissal requires a court order because it has requested one. *See* Letter Motion ("Century requests that the Court issue an order dismissing Count IX of Century's complaint for recoupment of defense costs."); *See also*, Proposed Order, Attachment 1 to the Letter Motion.

Faced with similar circumstances to the one in this case, the Honorable Kiyo A. Matsumoto, United States District Judge in this District, considered whether a plaintiff could

properly invoke Rule 41(a)(1) to dismiss claims voluntarily that a magistrate judge had recommended dismissing in a thorough R&R in *Poparic v. Jugo Shop*, 2010 WL 1260598 (E.D.N.Y. Mar. 31, 2010). In *Poparic*, the plaintiff moved for a default judgment after obtaining a notation of default when the defendants failed to answer or otherwise appear. *Id.*, at *1. Judge Matsumoto referred the motion for default judgment to the assigned magistrate judge for issuance of an R&R. The Honorable James Orenstein, United States Magistrate Judge of this District, issued a thorough R&R on the motion. *Id.* Before the expiration of the deadline for filing objections to the R&R, the plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i). *Id.* Magistrate Judge Orenstein subsequently issued a supplemental R&R, recommending that Judge Matsumoto vacate plaintiff's notice of voluntary dismissal and issue an order to show cause why plaintiff should not be required to elect either dismissal of his complaint with prejudice or the entry of judgment on his motion for default judgment. *Id.* After considering the plaintiff's response to the order to show cause and plaintiff's objections to both the R&R and the supplemental R&R, Judge Matsumoto vacated the plaintiff's notice of voluntary dismissal and adopted the R&R in all respects. *Id.* at *10.

Recognizing that the Second Circuit has admonished that "Rule 41(a) provides an 'unfettered' right to [voluntarily] dismiss," Judge Matsumoto reasoned that *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953) provided "useful guidance in the determination as to when a plaintiff has sufficiently litigated the merits of a case to bar him from dismissing without prejudice." *Id.* (quoting *Wolters Kluwer Financial Services, Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)). Judge Matsumoto summarized *Harvey Aluminum* as follows:

> In *Harvey Aluminum*, the plaintiffs obtained an *ex parte* temporary restraining order ("TRO") pending a hearing and determination of their motion for a preliminary injunction. After an evidentiary hearing lasting several days and yielding a record of approximately 420 pages, the district court dissolved the TRO and denied

> plaintiff's request for a preliminary injunction, finding that plaintiffs had a "remote" chance of success on the merits. Anticipating that plaintiffs sought to bring suit in a foreign jurisdiction, defendants then moved to enjoin plaintiffs from commencing further proceedings on the matter, and plaintiffs responded by filing a notice of voluntary dismissal. Defendants moved to vacate the voluntary dismissal notice and the district court declined to do so because neither an answer nor a motion for summary judgment had been filed. The Second Circuit, however, reversed, refusing to apply Rule 41 so "literal[ly]." The court found that a Rule 41(a) dismissal was not intended to be used at an "advanced stage" of an action. The Second Circuit reasoned that because the "merits of the controversy were squarely raised" and addressed by the district court before the notice of voluntary dismissal was filed, dismissal was inappropriate. Accordingly, the court reversed the district court's order "with directions to vacate the notice of dismissal, with leave to the plaintiff to move to dismiss the action" under Rule 41(a)(2).

*Poparic*, 2010 WL 1260598, at *5 (citing *Harvey Aluminum, Inc.*, 203 F.2d 105-08) (footnotes omitted).

Judge Matsumoto acknowledged that *Harvey Aluminum* has received "cool reception" and has been limited to its "extreme" facts. *Id.* (quoting *Thorp v. Scarne*, 599 F.2d 1169, 1175-76 (2d Cir. 1979)). However, as Judge Matsumoto emphasized, although *Harvey Aluminum* has been distinguished in cases such as *Thorp v. Scarne*, it has not been overruled. *Id.*, at *6 (citing *Thorp*, 599 F.2d 1176). Indeed, the court in *Thorp* acknowledged that "there may be a point in legal proceedings where the purpose of Rule 41(a)(1)(i) would be better served by abandoning a literal interpretation." *Thorp*, 599 F.2d at 1176. Judge Matsumoto concluded that, under the unique circumstances in *Poparic*, the plaintiff was not permitted to voluntarily dismiss his complaint without prejudice. *Poparic*, 2010 WL 1260598, at *6. Judge Matsumoto reasoned that, "[b]y moving for default judgment against defendants and submitting evidence in support thereof, plaintiff has 'squarely raised' the 'merits of the controversy' for the court's evaluation at an 'advanced stage' of the case." *Id.* (citing *Harvey Aluminum, Inc.*, 203 F.2d at 107-08.

This Court finds Judge Matsumoto's well reasoned holding in Poparic persuasive and directly applicable to this case. Here, this Court similarly finds that, by moving for default

6

judgment against Defendants and submitting evidence in support of its motion, Century has "squarely raised" the "merits of the controversy" for the Court's evaluation at an "advanced stage" of the case. *See Harvey Aluminum, Inc.*, 203 F.2d at 107-08. After Century filed the Default Judgment Motion on January 31, 2018, and after the Court's February 1, 2018 referral order, the magistrate judge provided Century with an opportunity to provide additional argument as to why Century is entitled to recoupment, the claim it now seeks to dismiss. *See* Electronic Order dated Aug. 17, 2018. On September 7, 2018, seven days after the magistrate judge issued the detailed twenty-page R&R, Century filed its Letter Motion. Century's Letter Motion to dismiss Count IX was filed at such an "advanced stage" of the litigation that all that remained was this Court's review of the R&R after any specific written objections pursuant to Rule 72(b)(2). Thus, Century sought and obtained the Court's careful consideration of the merits of its Complaint and default judgment motion, but, being unhappy with the results of its litigation, sought dismissal without prejudice ten days before the expiration of the objections period. Century admitted that, despite its request for dismissal without prejudice, it "believes that it has a meritorious objection to" the part of the R&R that discusses the magistrate judge's recommendation that Count IX of the Complaint be dismissed. Letter Motion. Century further filed objections to the R&R for the Court's consideration in the event that the Court refused to dismiss its claim. *See* Objection at 1.

This Court's conclusion that Century may not dismiss its claim without prejudice unilaterally at this stage of the litigation is, as Judge Matsumoto highlighted in *Poparic*, consistent with the purposes of the Federal Rules of Civil Procedure. *Poparic*, 2010 WL 1260598, at *7; *See also*, Fed. R. Civ. P. 1 (The Civil Rules "should be construed, administered, and employed by the court and the parties to secure the just speedy, and inexpensive determination of every action and proceeding.").

7

Additionally, "permitting plaintiff voluntarily to dismiss the Complaint without prejudice under the circumstances would undermine the purposes of promoting efficiency and fairness in the expeditious administration of justice that Congress sought to achieve through the Federal Magistrate's Act, 28 U.S.C. §§ 631 *et seq.*" *Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 145 (1985)). As Judge Matsumoto emphasized, "[m]agistrate judges play an important and invaluable role within the federal judicial framework. Their office exists 'to assume some of the burden imposed [on the district courts] by a burgeoning caseload.'" *Id.* (quoting *Wesley v. Alexander*, 2005 U.S. Dist. LEXIS 43457, at *16 (S.D.N.Y. Apr. 29, 2005)); *see also Wesley v. Alexander,* 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005) (discussing the "important" role played by magistrate judges "within the federal judicial framework"); H.R.Rep. No. 1629, 90th Cong., 2d Sess., *reprinted in* 1968 U.S. Code Cong. & Admin. News 4252, 4257; *Federal Magistrates Act: Hearings before Subcomm. No. 4 of the House Comm. on the Judiciary,* 90th Cong., 2d Sess. 81 (1968) (testimony of Sen. Tydings) ("We hope and think that innovative, imaginative judges who want to clean up their caseload backlog will utilize the U.S. magistrates in these areas [enumerated in 28 U.S.C. § 636(b)] and perhaps even come up with new areas to increase the efficiency of their courts.").

Finally, like the plaintiff in *Poparic,* had Century's Default Judgment Motion not been referred for an R&R, Century would not have had the opportunity to dismiss Count IX under Rule 41(a)(1)(A)(i) after previewing a possibly unfavorable outcome. *See Poparic*, 2010 WL 1260598, at *7. Thus, the Court does not construe Century's Letter Motion as a notice of voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i).

8

## II. Voluntary Dismissal Under Rule 41(a)(2)

For the reasons discussed in Part I of this Memorandum and Order, the Court construes Century's Letter Motion as a motion for voluntary dismissal pursuant to Rule 41(a)(2), which states, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant voluntary dismissal under Rule 41(a)(2) is within the discretion of the Court. *See Corrado v. New York State Unified Court Sys.*, 698 Fed. App'x 36, 37 (2d Cir. 2017) (summary order). "Voluntary dismissal without prejudice is . . . not a matter of right." *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990).

The Second Circuit has recognized that "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). The first "indicates that such a dismissal would be improper 'if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Kwan*, 634 F.3d at 230 (quoting *Camilli*, 436 F.3d at 123). The second line of authority "indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Id*. (quoting *Camilli,* 436 F.3d at 123); *see generally Zagano*, 900 F.2d 12 (2d Cir. 1990). The *Zagano* factors include: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Kwan*, 634 F.3d at 230; *see also Zagano*, 900 F.2d at 14. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan*, 634 F.3d at 230.

9

Although Defendants have not appeared in this case, the *Zagano* factors weigh in favor of denying Century's Rule 41(a)(2) motion to dismiss without prejudice. As discussed in Part I of this Order, Century was far from diligent in bringing its motion, and the suit was at an "advanced stage of litigation" after Century filed its Default Judgment Motion and the magistrate judge issued the R&R. Century filed its Letter Motion despite its belief that it had "a meritorious objection" to the R&R and then proceeded to file objections anyway. *See* Letter Motion; See *also*, Objection at 1. The timing of Century's Letter Motion, filed only after the R&R recommended dismissing the claim Century now seeks to dismiss, combined with Century's filing of both the Letter Motion and objections in the alternative, demonstrate Century's attempts to gain multiple bites at the apple. Finally, allowing Century to dismiss its claim without prejudice would be a waste of judicial resources since Century's claim is in an "advanced stage of litigation" and an R&R has already been issued regarding that claim. Accordingly, Century's Letter Motion to dismiss Count IX of the Complaint without prejudice under Rule 41(a)(2) is denied.

### III. Objections to the R&R

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which a party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal

quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for a party to raise . . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also*, 28 U.S.C. § 636(b)(1).

Century objects to the R&R only to the extent that the magistrate judge recommends dismissing Count IX of the Complaint, which is Century's claim for recoupment of its defense costs for defending Vas in the underlying state court action. *See generally,* Objection. Century seeks a declaratory judgment that, in the event that Century is declared to have no duty to indemnify or defend the claims arising out of the Dovbenyuk's bodily injury, Century is entitled to recoup its defense costs incurred in Vas' defense of the underlying state court action. *See* Compl. ¶ 95. The magistrate judge relied on, and discussed in great detail, an opinion issued by the Honorable Joseph F. Bianco, United States District Judge of this District, in *General Star Indemnity Co. v. Driven Sports, Inc.*, 80 F. Supp.3d 442 (E.D.N.Y. 2015), *appeal withdrawn* (June 19, 2015). The magistrate judge acknowledged a split exists among federal courts as to whether New York law provides an independent claim of recoupment of defense costs, but aligned its decision with Judge Bianco's policy determinations in *General Star*. *See* R&R at 14. Relying on

*General* Star in the detailed R&R, the magistrate judge recommends dismissing Count IX of the Complaint because New York law does not provide for an independent claim of recoupment of defense costs, but instead provides for such a remedy where the insurer prevails on a contractual or quasi-contractual claim for relief of that nature. *See Id.*

Century objects to the R&R for three reasons. First, Century argues that, contrary to the recommendations in the R&R, it was not required to plead an unjust enrichment or breach of contract claim to seek recoupment of defense costs. *See* Objection at 1-2. Second, Century contends that it was not required to plead facts regarding the absence of any objection to its recoupment of costs. *See Id.* at 2. Finally, Century contends that *General Star* is distinguishable from this case. *See Id.* at 2-3.

### A. Failure to Plead Unjust Enrichment or Breach of Contract

Century argues that, contrary to the recommendations in the R&R, it was not obligated to plead a breach of contract or unjust enrichment claim in connection with Count IX for recoupment. *See* Objection at 1-2. Instead, Century maintains that it merely was required to plead "a short and plain statement that it was entitled to recoupment of defense costs," because reimbursement is a viable cause of action, not merely a remedy. *Id*. at 1 (citing *Ambac Assurance Corp. v. Adelanto Public Utility Authority*, 2013 WL 139557 (S.D.N.Y. Jan. 11, 2013)). For the reasons discussed by the magistrate judge in the R&R, while some federal courts have found that recoupment is a viable cause of action, this Court aligns itself with the reasoning set forth in *General Star*. Judge Bianco held in *General Star* that, where a policy provides a duty to defend, but has no contractual provision allowing for recoupment of defense costs, an insurer cannot bring a claim for recoupment in connection with the duty to defend. *See General Star*, 80 F. Supp.3d at 460-64.

12

In *General Star*, Judge Bianco found that the insurance policy precluded a recoupment claim, and, in any event, the insured was not unjustly enriched by the plaintiff insurer's legal defense coverage. *Id.* at 463. Like the plaintiff in *General Star*, the policy at issue in this case provides a duty to defend, but does not provide a provision for recoupment of defense costs. *See* R&R at 16. Unlike the plaintiffs in *General Star*, Century has not made a claim for unjust enrichment or breach of contract under which it can assert its entitlement to recoupment. *See generally*, Complaint. Instead, Century vaguely pled that it is entitled to a declaratory judgment that it is entitled to recoupment costs even though the underlying policy does not entitle Century to such costs. *See generally, Id.* Without a contract or quasi-contract claim, the Court has no basis under which it can evaluate Century's demand for recoupment. Accordingly, Century's first objection is overruled.

**B.     Failure to Plead Factual Allegations Regarding Objections to Recoupment**

Century also argues that it was not required to plead that Vas did not object to Century's reservation of its right to recoup defense costs. *See* Objection at 2. Before the magistrate judge issued the R&R in this case, she provided Century with the opportunity to "explain why this Court should not adopt the analysis articulated by Judge Bianco in [*General Star*]." *See* Electronic Order dated Aug. 17, 2018. In its letter response, Century attempted to distinguish the instant case from *General Star*. *See* Century Letter, Dkt. Entry No. 28. Century argues that, in *General Star*, the insured objected to the insurer's reservation of right to seek reimbursement of costs, but here "there has been no objection to Century's assertions of its right to recoup defense costs." *Id.* At 2. However, the magistrate judge addressed this argument and acknowledged that Judge Bianco did discuss the insured's rejection of the insurer's reservation of right in relation to the equities of the remedy requested in *General Star*. *See* R&R at 17. Nonetheless, the magistrate judge concluded

that the insurer's reservation of right and the insured's objection thereof "does not appear to have been a dispositive factor in his legal determination that the insurer's recoupment claim was precluded by the omission of such a remedy from the policy itself." *Id.* Despite her conclusion, the magistrate judge recommends that, even assuming, *arguendo,* that the insured's failure to object to Century's purported reservation could give rise to the insurer's entitlement to recoupment, the Court need not consider such a purported reservation of right because it was not pled in the Complaint. *Id.*

This Court finds that Century's purported reservation of right to recoupment is not relevant to its inability to proceed on its recoupment claim. In *General Star*, Judge Bianco considered the plaintiff insurer's reservation of rights in connection with its unjust enrichment claim, which he found precluded by the policy at issue in that case, and, in any event, to be without merit. *See General Star*, 80 F. Supp.3d at 460-64. Unlike the insurer in *General Star*, however, Century has not pled an unjust enrichment claim here. *See generally,* Complaint. The Court need not consider Century's arguments regarding its reservation of right to recoupment. Accordingly, Century's objection regarding the reservation of its right to recoupment is overruled.

### C. Century' Attempt to Distinguish *General Star*

Finally, Century attempts to distinguish *General Star* from this case by arguing that "[t]he law regarding recoupment is clear," and citing to cases already considered by the magistrate judge. *See* Objection at 2-3. Century merely restates the same arguments it made in its Default Judgment Motion and in its supplemental letter to the Court before the R&R was issued. *See* Default Judgment Motion at 21-22; *See also*, Century Letter at 1-2. The magistrate judge thoroughly addressed and rejected Century's arguments regarding other courts' conclusions that an insurer that complies with its duty to defend is entitled to seek recoupment as a remedy. *See* R&R at 18-

14

19. Accordingly, the Court will review the objection for clear error. *See Antrobus*, 2016 WL 5390120, at * 1.

The Court finds no clear error in the magistrate judge's recommendation that this Court adopt the reasoning set forth in *General Star*. The opinion in *General Star* acknowledged that some federal courts have considered the possibility of recoupment, including cases where courts have awarded recoupment, but declined to find that New York law provides recoupment as an appropriate remedy. *See General Star*, 80 F. Supp.3d at 459-60. Following the reasoning set forth in *General Star*, the Court finds no clear error in the R&R's recommendation that recoupment is unavailable as a remedy in this case. Accordingly, Century's objection is overruled.

### D. The Remaining Portions of the R&R

Where a party does not object to a portion of the R&R, the Court "'need only satisfy itself that there is no clear error on the face of the record.'" *Galvez v. Aspen Corp.*, 967 F. Supp.2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)). Century has not objected to the remaining parts of the R&R. Because no party has objected to the remainder of the R&R, and, upon due consideration and review the Court finds no clear error, the remaining parts of the R&R are adopted in full.

## CONCLUSION

For the reasons set forth above, Century's Letter Motion to dismiss voluntarily and without prejudice Count IX of the Complaint is denied; Century's objections to the R&R are overruled; and the R&R is adopted in its entirety. Accordingly, Century's motion for default judgment is granted in part and denied in part as follows: Declaratory judgment is entered against defendants that Century has no duty to indemnify or defend claims arising out of Mr. Dovbeyuk's bodily injury or claims arising out of Vas' alleged breach of contract for failure to procure insurance.

Defendant's request for declaratory judgment that Century is entitled to recoup its costs associated with its defense of Vas in the underlying state court action is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge